UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN FINDLING, personal
representative of the estate of Joseph
Spahr,,

    Plaintiff,

v.

INTERNATIONAL TRANSMISSION
COMPANY,

    Defendant.
_____/

Case No.  04-72385

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT [44] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS SECOND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PERMIT THE FILING OF A SUR-REPLY BRIEF [57]**

Plaintiff Darren Findling has sued International Transmission Company on behalf of Decedent Joseph Spahr.  The litigation stems from Spahr's death on Defendant's property.  Defendant now moves for summary judgment.  For the following reasons, the Court DENIES Defendant's Motion for Summary Judgment and GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Strike Defendant's Reply Brief or Permit the Filing of a Sur-Reply Brief.

**I.  Background**

At about 8:30 on the morning of May 5, 2004, a painting crew employed by Morris Painting of Youngstown, Ohio, began work on a 135-foot-tall transmission tower in Macomb Township, Michigan.  Morris Painting is an independent contractor that had been hired by

the owner of the tower, Defendant International Transmission Company, for the paint job.

Plaintiff's Decedent Joseph Spahr, an employee of Morris Painting, climbed to a height of approximately ninety feet before stepping onto, and fastening his safety lanyard to, an unsecured beam. Apparently, a bolt fastening the beam to the tower had become dislodged, as sometimes happens due to seasonal changes in weather and normal ground vibration. When Spahr reached over to paint a difficult area, the beam bent, causing Spahr's lanyard to slide off, and causing Spahr to fall to his death.[1]

Plaintiff's original complaint made three claims for relief under theories of negligence, nuisance *per accidens*, and construction manager malpractice. Plaintiff abandoned his construction manager malpractice claim, and the Court dismissed his nuisance *per accidens* claim December 19, 2005.[2] Relying mainly on *Butler v. Ramco-Gershenson, Inc.*, 542 N.W.2d 912 (Mich. Ct. App. 1995), however, the Court denied Defendant's Motion for Summary Judgment of Plaintiff's negligence claim, which was based on a theory of premises liability.

---

[1]These facts are taken directly from the Court's December 19, 2005 Order Denying Defendant's Motion for Summary Judgment. (Doc. 37, 1-2.)

[2]As the Court concluded, nuisance law customarily relates to "an unreasonable and substantial interference with the use or enjoyment of the property of another." *Lasky v. Realty Dev. Co., L.L.C.*, 2006 Mich. App. LEXIS 1487, *14 (Mich. Ct. App. Apr. 27, 2006) (quoting 23 Michigan Law & Practice, Nuisance § 1, pp. 93, 97). The Court recognizes, however, that "several Michigan decisions use the term 'nuisance' liability to refer to what is essentially premises liability, i.e., where a person is injured while on another's property on account of a dangerous condition." Id. (quoting 23 Michigan Law & Practice, Nuisance § 1, p. 97). Apparently, this was the "nuisance" theory Plaintiff relied upon. If so, the Court is satisfied that Plaintiff's nuisance *per accidens* claim is merely a restatement of the premises liability claim.

The Court addressed an exception to premises liability, under which "a premises owner is not liable when the independent contractor's employee comes upon the premises to correct the condition that causes the injury." *Id.* at 919.  The issue in dispute here is whether Defendant hired Morris Painting to repair its transmission towers in addition to painting them.  If not, the Court noted, Defendant might be held liable for its own negligence.  The Court identified several factual questions in need of resolution:

> [D]id "reasonable care" require Defendant to climb a 135-foot transmission tower in search of structural defects?  Should Defendant have realized the risk that such defects would pose?  Should Defendant have expected Morris Painting to discover the defect on its own, and to take appropriate precautions?

(Doc. 37 at 8.)  The Court concluded, "the Parties have presented no authority resolving these questions under Michigan law," and decided that the evidence does not conclusively resolve whether Morris Painting was hired to repair the transmission tower.  The Court denied summary judgment for Defendant.  (*Id.* at 6.)

Defendant recently introduced a new affidavit from John E. Hazimahalis, General Superintendent of Morris Painting, who states that it was general procedure to inspect and then repair transmission towers with loose nuts and bolts:

> As part of Morris Painting's expertise and its experience in preparation for painting transmission towers, it was custom, policy and procedure for Morris to approach the painting of each transmission tower as follows:
>
> A. Assign a three-man crew to each tower;
>
> B. Require that crew make a visual inspection of the tower to assess the structure for loose and missing bolts and nuts.  The inspection included shaking the tower at the base to determine whether, by sound, loose metalwork could be detected.  This audible testing was done to detect loose connections that could not be seen by the naked eye.

3

    C. Require that each member of the crew carried spare nuts, bolts and tools needed to replace and/or tighten bolts and nuts while the crew proceeded upward on each tower. Visual inspection would continue up the entire tower.

    D. Require that safety belts and lanyards were part of each crew member's standard equipment.

(Doc. 37 Ex. G.)

## II. Standard of Review

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. R. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position

will not suffice. Rather, there must be evidence on which a jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

## III. Discussion

### A. Defendant's Second Motion for Summary Judgment

As this Court recognized in its first denial of summary judgment, a premises owner's duty of care generally extends to invitees who are employees of independent contractors:

> [I]nvitors may be held liable for an invitee's injuries that result from a failure to warn of a hazardous condition or from the negligent maintenance of the premises or defects in the physical structure of the building.

*Butler*, 542 N.W.2d at 919. There is an exception to this rule which provides that "a premises owner is not liable when the independent contractor's employee comes upon the premises to correct the condition that causes the injury." *Nemeth v. Detroit Edison Co.*, 182 N.W.2d 617, 619 (Mich. Ct. App. 1970).

In this case, Defendant is asserting that summary judgment is appropriate in light of the affidavit of John E. Hazimahalis, the General Superintendent of Morris Painting. In his affidavit, Mr. Hazimahalis attests that it was customary procedure for Morris Painting to inspect transmission towers for loose nuts and bolts and replace them as necessary, and that the decedent was familiar with, and participated in, such procedures. (Doc. 37 Ex. G.)

Even with evidence of Mr. Hazimahalis's personal knowledge, it is inappropriate to grant summary judgment when there is a factual question that necessitates an assessment of witness credibility. 5 John Henry Wigmore, *Evidence in Trials at Common Law* (Chadbourne Rev. 1974) § 1367, p. 32. Plaintiff's evidence, which is outlined in the Court's December 19, 2005 Order, contradicts Mr. Hazimahalis's affidavit.

5

Moreover, while Mr. Hazimahalis's statements support the notion that Morris Painting enacted several safety procedures on its own, they do not address the substance of the specific agreement between Morris Painting and Defendant, which is at issue here. Because the substance of the contract has yet to be determined, summary judgment is inappropriate.

### B. Plaintiff's Motion to Strike Defendant's Reply Brief or, in the Alternative, Permit the Filing of a Sur-Reply Brief

In its Reply Brief, Defendant raises for the first time *Deshambo v. Nielson*, 684 N.W.2d 332 (Mich. 2004), arguing that the court's ruling in *Deshambo*, pertaining to the inherently dangerous activity doctrine, absolves Defendant of liability and controls this case. Defendant's analysis is incorrect, because *Deshambo* addresses a landowner's liability resulting from the negligence of an independent contractor, not a landowner's liability resulting from *its own* negligence, as is at issue here.[3]

---

[3] The inherently dangerous activity doctrine is an "exception to the general rule that an employer of an independent contractor is not liable for the contractor's negligence or the negligence of his employees." *Bosak v. Hutchinson,* 375 N.W.2d 333, 338 (Mich. 1985). The court in *Deshambo* restricts its analysis to the inherently dangerous activity doctrine, and provides only that when an independent contractor is hired by a premises owner to complete inherently dangerous work, the independent contractor or its employees may not hold the premises owner liable for an injury that results from the independent contractor's or co-workers' negligence. *Deshambo,* 684 N.W.2d at 339.

The court in *Deshambo* made no discussion of premises liability, which is a distinct theory of liability. *See Butler*, 542 N.W.2d at 918-20 (addressing premises liability and the inherently dangerous activity doctrine separately). Therefore, the question of fact remains whether Defendant fulfilled its own duty pursuant to the invitor/invitee relationship by protecting its invitees from an "unreasonable risk of harm caused by a dangerous condition of the land that the owner knows or should know the invitees will not discover, realize, or protect themselves against." *Id.* at 919. The *Deshambo* holding does not change the analysis of premises liability in this case. Plaintiff does not seek to hold Defendant liable for Mr. Spahr's or Morris Painting's negligence, but for Defendant's own negligence in failing to maintain its premises properly.

Because Defendant addresses the applicability of the inherently dangerous activity doctrine for the first time in its Reply Brief, Plaintiff has been unable to address the issue through the normal course of briefing. Plaintiff shall have the opportunity to respond to the contention Defendant made in its Reply through a Sur-Reply Brief. In any event, the Court reject's Defendant's *Deshambo* argument.

## IV.  Conclusion

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above and on the record, the Court hereby DENIES Defendant's Motion for Summary Judgment. The Court further GRANTS IN PART and DENIES IN PART Plaintiff's Motion. The Court will not strike Defendant's Reply Brief, but for the benefit of a more fully developed record, permits Plaintiff's filing of a Sur-Reply Brief.

As discussed in the Court's December 19, 2005 Order Denying Defendant's Motion for Summary Judgment, Plaintiff may have a viable claim based on a theory of premises liability once two questions of fact are resolved. The first question of fact is whether an agreement existed between Defendant and Morris Painting under which Morris Painting was responsible for replacing missing nuts and bolts in Defendant's transmission towers. If no such agreement existed, then the remaining question is whether Defendant breached its duty of care to invitees.

                                              s/Nancy G. Edmunds
                                              Nancy G. Edmunds
                                              United States District Judge

Dated:  June 15, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 15, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager